SCOTT H. COOMBS, Esq., 006843
1811 S. Alma School Road, Suite 225
Mesa, Arizona 85210
(480) 839-4828 - Telephone
(480) 897-1461 - Facsimile
scott @haroldcampbell.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

In re

ALEXANDER SHORES,
ANDREA SHORES,
Debtor(s).

Case No   2:10-bk-02228-PHX-CGC

**CHAPTER 13 PLAN**

☐   Original
✓   Third Amended and Moratorium
☐   Modified Plan

This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

If this is an Amended or Modified Plan, the reasons for filing this Amended or Modified Plan are: *The co-debtor is a school teacher and received no pay during the month of July, 2011.*

(A) **Plan Payments and Property to be Submitted to the Plan.**

  (1) Plan payments start on February 27, 2010. The Debtors shall pay the Trustee as follows:

   $300.00 each month for month 1 through month 11.
   $1,060.00 each month for month 12 through month 18.
   $0.00 each month for month 19 through month 19.
   $1,086.00 each month for month 20 through month 60.

   The proposed plan duration is 60 months. The applicable commitment period is 60months. Section 1325(b)(4).

  (2) In addition to the plan payments, Debtor will submit the following property to the Trustee: *The Debtors provided directly to the Trustee their federal and state income tax refunds for the years 2009, as supplements to the plan*

(B) **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C) **Treatment of Administrative Expenses, Post-Petition Mortgage Payments and Claims.** Except adequate protection payments under (C)(1), post-petition mortgage payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except adequate protection payments) and made in the following order:

  (1) *Adequate protection payments*. Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on

Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the Trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid before these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| None | | |

❑ See Section (J), Varying Provisions.

(2) *Administrative expenses*. Section 507(a)(2).

   (a) Attorney fees. Debtor's attorney received $2,000.00 before filing. The balance of $2,500.00 or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

   (b) Other Administrative Expenses. *None*

❑ See Section (J), Varying Provisions.

(3) *Leases and Unexpired Executory Contracts*. Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

   (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| *TIMES SQUARE PROPERTIES* <br> PHOENIX, AZ <br> BUSINESS SPACE LEASE | $0.00 | 1/28/10 |

   (b) Rejected:

| Creditor | Property Description |
|---|---|
| *None* | |

❑ See Section (J), Varying Provisions.

(4) *Claims Secured <u>Solely</u> by Security Interest in Real Property*. A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and pre-petition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| *CHASE* <br> 8122 W. FOOTHILL DRIVE <br> PEORIA, AZ 85383 | $342,500.00/ <br> ZILLOW | *$1,966.00* <br><br> ✓ Debtor will pay direct to creditor; or <br> ☐ Included in Plan payment. Trustee will pay creditor. | $6,163.34 | 01/28/2010 |
| *JPMORGAN CHASE* <br> 8122 W. FOOTHILL DRIVE <br> PEORIA, AZ 85383 | $342,500.00/ <br> ZILLOW | $540.47 <br><br> ✓ Debtor will pay direct to creditor; or <br> ☐ Included in Plan payment. Trustee will pay creditor. | $11,153.26 | 08/31/2010 |

❏ See Section (J), Varying Provisions.

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property.*** Pursuant to § 1325(a), a secured creditor listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid on Secured Claim | Interest Rate |
|---|---|---|---|---|
| NONE | | | | |

❏ See Section (J), Varying Provisions.

(6) ***Priority Unsecured Claims.*** All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

(a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments.

| Creditor | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|
| *NONE* | | |

(b) Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| None | | |

❏ See Section (J), Varying Provisions.

(7) *Codebtor Claims.* The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|

*None*

- ❏ See Section (J), Varying Provisions.

(8) *Unsecured Nonpriority Claims.* Allowed unsecured nonpriority claims shall be paid pro rata the balance of payments under the Plan. The un-exempt equity of the Debtor's Lexus and her owner interest in the International tow truck will be paid to unsecured creditors totaling $26,646.00.

- ❏ See Section (J), Varying Provisions.

(D) **Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

- ❏ See Section (J), Varying Provisions.

(E) **Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. ***Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

| Creditor | Property Being Surrendered |
|---|---|
| INTERVAL MANAGEMENT, INC.<br>515 Nichols Blvd<br>Sparks NV 89431-5446 | TIMESHARE |

(F) **Attorney Application for Payment of Attorney Fees.** Counsel for the Debtor has received a pre-petition retainer of $2,000.00, to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

(1) **Flat Fee**. Counsel for the Debtor has agreed to a total sum of $4,500.00 to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

- ✓ All of the below, except Additional Services.
- ✓ Review of financial documents and information.
- ✓ Consultation, planning, and advice, including office visits and telephone communications.
- ✓ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- ✓ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- ✓ Attendance at the § 341 meeting of creditors.
- ✓ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ✓ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ✓ Responding to motions to dismiss, and attendance at hearings.
- ✓ Responding to motions for relief from the automatic stay, and attendance at hearings.
- ✓ Drafting and mailing of any necessary correspondence.
- ✓ Preparation of proposed order confirming the plan.
- ❏ ~~Representation in any adversary proceedings.~~
- ✓ Representation regarding the prefiling credit briefing and post-filing education course.

**Additional Services.** Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

- ❏ Preparation and filing of Modified Plan $600.00_____.
- ❏ Preparation and filing of motion for moratorium $600.00.
- ❏ Responding to motion to dismiss, and attendance at hearings $600.00.

- ☐ Defending motion for relief from the automatic stay or adversary proceeding $600.00_____.
- ☐ Preparation and filing of any motion to sell property $600.00.
- ☐ Other _____.

All other additional services will be billed at the rate of $250.00 per hour for attorney time and $75.00 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include *all* time expended in the case in the separate fee application.

❑ See Section (J), Varying Provisions.

(2) **Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case.

Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $250.00 per hour for attorney time and $75.00 per hour for paralegal time.

❑ See Section (J), Varying Provisions.

(G) **Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: *none*

❑ See Section (J), Varying Provisions.

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: *None*.

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (H):

None.

(K) **Plan Payment Summary.** If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| | |
|---|---|
| (1) Trustee's compensation (10% of plan payments) | $ 5,524.60 |
| (2) Ongoing post-petition mortgage payments | $ 2,506.47 |
| (3) Administrative expenses and claims | $ 2,500.00 |
| (4) Priority claims | $ 0.00 |
| (5) Prepetition mortgage or lease arrears, or amount to cure defaults, including interest | $17,316.60 |
| (6) Secured personal property claims, including interest | $ 0.00 |
| (7) Amount to unsecured nonpriority claims | $29,904.80 |
| **Total of plan payments** | $55,246.00 |

(L) **Section 1325 Analysis**.

(1) *Best Interest of Creditors Test:*

| | |
|---|---|
| (a) Value of Debtor's interest in nonexempt property | $30,000.00 |
| (b) Plus: Value of property recoverable under avoiding powers | $ 0.00 |
| (c) Less: Estimated Chapter 7 administrative expenses | $ 125.00 |
| (d) Less: Amount to unsecured priority creditors | $__ _0.00 |
| (e) **Equals:** Estimated amount payable to unsecured nonpriority claims if Debtor filed Chapter 7 | $29,875.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

   (2) *Section 1325(b) Analysis:*

      (a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income ......... $_300.00
      (b) Applicable commitment period ................................................................................................................ x 11
      (a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income ......... $1,060.00
      (b) Applicable commitment period ................................................................................................................ x 49
      (c) Section 1325(b)(2) total disposable income amount throughout duration of Plan ...................................... $55,240.00

(M) **Estimated Amount to Unsecured Nonpriority Creditors Under Plan** ............................................................. $29,899.40

Dated: November 14, 2011


/s/ ALEXANDER SHORES,
Debtor

/s/ ANDREA SHORES
Co-Debtor


/s/ Scott H. Coombs
SCOTT H. COOMBS